UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURIE NICHOLSON, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Franciscan Missionaries of Our Lady Health System, Franciscan Missionaries of Our Lady Health System Investment Committee, and John Does 1-20,<br><br>Defendants. | No.: 3:16-cv-00258-SDD-EWD |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, NOTICE PROCEDURES AND CONFIRMING FINAL SETTLEMENT HEARING**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to: (a) the Retirement Plan of Our Lady of the Lake Hospital and Affiliated Organizations; (b) the Pension Plan for Employees of Our Lady of Lourdes Regional Medical Center, Inc.; and (c) the Retirement Plan for Employees of St. Francis Medical Center, Inc., each of which Defendants claim is a Church Plan[1].

Presented to the Court for preliminary approval is a settlement of the litigation with the Defendants. The terms of the Settlement are set forth in the Class Action Settlement Agreement

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement. (Rec. Doc. 82-1).

1

(the "Settlement" or "Settlement Agreement") (Rec. Doc. No. 76-3 and Rec. Doc. No. 82-1),[2] executed by counsel on **May 5, 2017** on behalf of the Parties.  Plaintiff has filed a Motion for Preliminary Approval of the Settlement, pursuant to which the Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Notice to members of the Settlement Class, and set a date and time for the Fairness Hearing.  Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    <u>Class Findings</u>.  The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

    a)    The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

    b)    The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.  Rule 23(a)(2) is satisfied.

    c)    The Court preliminarily finds that Cynthia Francis and named Plaintiff Laurie Nicholson are members of the Settlement Class and their claims are typical of the claims of the Settlement Class. Rule 23(a)(3) is satisfied.

    d)    The Court preliminarily finds that Cynthia Francis and named Plaintiff Laurie Nicholson will fairly and adequately protect the interests of the Settlement Class in that:

---

[2] On October 5, 2017, counsel for Plaintiff submitted a substitute Settlement Agreement (Dkt. No. 82-1), identical in all respects to the one found at Dkt. No. 76-3, except for the deletion of an editorial comment in a footnote that was inadvertently not deleted in the original Settlement Agreement.

2

(i) their interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the proposed Class Representatives and the Settlement Class; and (iii) the proposed Class Representatives and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions. Rule 23(a)(4) is satisfied.

    e)  The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

    f)  Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole. Rule 23(b)(2) is satisfied.

    g)  The Court preliminarily finds that Izard, Kindall & Raabe LLP and Kessler Topaz Meltzer & Check, LLP (collectively, "Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Having reviewed the Declaration of Mark K. Gyandoh in Further Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Rec. Doc. No. 82, ¶¶ 3-13, the Court determines that Class Counsel have done extensive work identifying or investigating potential claims in the action, and

3

have litigated the validity of those claims through the motion to dismiss the case. Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action. Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2. <u>Class Certification</u>. Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (2) and 23(e) in this litigation (the "Settlement Class"):

> All present or past participants of the Retirement Plan of Our Lady of the Lake Hospital and Affiliated Organizations, Pension Plan for Employees of Our Lady of Lourdes Regional Medical Center, Inc., and Retirement Plan for Employees of St. Francis Medical Center, Inc. (collectively, the "Plans") (both vested and non-vested) including those participants who accepted a lump sum or annuity benefit under the Lump Sum Window Benefit Program in 2016, and beneficiaries of the Plan as of the Effective Date of Settlement, including any beneficiaries designated or added by a Settlement Class member participant after the Effective Date of Settlement.

The Court preliminarily appoints Laurie Nicholson and Cynthia Francis as representatives for the Settlement Class, and Izard, Kindall & Raabe LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class, and Tarcza & Associates as Liaison Counsel.

3. <u>Preliminary Findings Regarding Proposed Settlement</u>. The Court preliminarily finds that: (a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including participating in mediation; (b) Class Counsel represents that the proposed Settlement is fair, reasonable, and adequate; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4. <u>Fairness Hearing</u>. A hearing is scheduled for **February 6**, **2018**, at **9:30 a.m.** (the "Fairness Hearing") to determine, among other things:

    a)  Whether the Settlement should be approved as fair, reasonable, and adequate;

    b)  Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

    c)  Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

    d)  Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

    e)  Whether the application for payment for attorneys' fees and expenses to Class Counsel should be approved; and

    f)  Whether the application for Case Contribution Awards for the Class Representatives should be approved.

  5.  <u>Class Notice</u>.  A proposed form of Class Notice is attached as Exhibit A to Rec. Doc. No. 82-1 (pages 31-43 of 52).  With respect to such form of Class Notice, the Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement Agreement; (b) notifies the Settlement Class that Class Counsel's attorneys' fees and expenses, and Class Representatives' Case Contribution Awards, will be determined in the sole discretion of the Court and paid according to § 8.1.4 of the Settlement Agreement; (c) gives notice to the

Settlement Class of the time and place of the Fairness Hearing; and (e) describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that Class Counsel shall:

a) By no later than thirty (30) days after entry of this Preliminary Approval Order, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent to each Person within the Settlement Class who can be identified by the Plan's current recordkeeper. Such notice shall be in a form reasonably calculated to provide notice and that the Parties have deemed to be cost effective and sent to the last known address for members of the Settlement Class. Defendants will pay the cost for sending notice to the Settlement Class as part of the Settlement administration.

b) By no later than thirty (30) days after entry of this Preliminary Approval Order, Plaintiffs will cause the Settlement Agreement and the Class Notice to be published on the website identified in the Class Notice.

c) At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice mailing and publication requirements.

d) By no later than **January 6, 2018** (thirty-one (31) days before the Fairness Hearing), Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses, and Case Contribution Awards for the Settlement Class Representatives.

6. <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for Case Contribution Awards for the Settlement Class Representatives, may timely

file an Objection in writing no later than **January 23, 2018** (fourteen (14) days prior to the Fairness Hearing]. All written objections and supporting papers must: (a) clearly identify the case name ("*Nicholson v. Franciscan Missionaries of Our Lady Health System*") and number (Case No.16-cv-258);" (b) be filed with the Court and postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses below on or before **January 23, 2018,** (fourteen (14) days before the Fairness Hearing); (c) set forth the objector's full name, current address, and telephone number; (d) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (e) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (f) provide copies of all documents that the objector wishes to submit in support of his/her position; (g) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; (h) state the name, court, and docket number of any class action litigation in which the objector and/or his/her attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (i) include the objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:
Clerk of the Court
United States District Court
Middle District of Louisiana
777 Florida Street
Baton Rouge, LA 70801

Re:   *Nicholson v. Franciscan Missionaries of Our Lady of Health Systems*
      Case No. 16-cv-258

To Class Counsel:

Robert A. Izard
Mark Kindall
Douglas Needham
IZARD, KINDALL & RAABE LLP

    29 South Main Street, Suite 305
    West Hartford, Connecticut 06107
    Fax: (860) 493-6290

    Mark K. Gyandoh
    Julie Siebert-Johnson
    KESSLER TOPAZ MELTZER & CHECK, LLP
    280 King of Prussia Road
    Radnor, PA  19087
    Fax:  (610) 667-7056

    To Defendants' Counsel:

    Howard Shapiro
    Stacey C.S. Cerrone
    Proskauer Rose LLP
    650 Poydras Street, Suite 1800
    New Orleans, LA  70130
    Fax: (504) 310-2022

    Robert Rachal
    Holifield, Janich, Rachal & Associates, PLLC
    6415 West End Blvd.
    New Orleans, LA  70124
    Fax: (865) 566-0119

    If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than **January 23, 2018** (fourteen (14) days before the date of the Fairness Hearing).  Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.  Any responses to objections shall be filed with the Court no later than **January 30, 2018** (seven (7) days before the Fairness Hearing).  There shall be no reply briefs.

    7.    <u>Appearance at Fairness Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing

8

either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than **January 23, 2018** (fourteen (14) days before the date of the Fairness Hearing). Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8. <u>Additional Briefs</u>. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than **January 30, 2018** (seven (7) days before the Fairness Hearing).

9. <u>Notice Expenses</u>. The expense of printing and mailing all notices required shall be paid by the Defendants as provided in § 8.2 of the Settlement Agreement. (Rec. Doc. 82-1).

10. <u>Service of Papers</u>. Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

11. <u>Termination of Settlement</u>. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement. In such event, Section 10 of the Settlement Agreement (Rec. Doc. 82-1) shall govern the rights of the Parties.

12. <u>Use of Order</u>.  If this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Class Representatives or the Settlement Class.

13. <u>Continuance of Hearing</u>.  The Court may continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 24, 2017</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**