UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURIE NICHOLSON, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Franciscan Missionaries of Our Lady Health System, Franciscan Missionaries of Our Lady Health System Investment Committee, and John Does 1-20,<br><br>Defendants. | No.: 3:16-cv-00258-SDD-EWD |

## ORDER AND FINAL JUDGMENT

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiff's Class Action Complaint dated April 21, 2016, with respect to the Plans.[1]

This matter came before the Court for a hearing pursuant to Federal Rule of Civil Procedure 23(e) and to the Order of this Court entered on October 24, 2017, on the application of the Parties for approval of the Settlement set forth in the Class Action Settlement Agreement, executed on May 5, 2017, on behalf of the Parties. Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

---

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

1

1. The Court has jurisdiction over the subject matter of this action and all Parties to the Action, including all members of the Settlement Class.

2. On October 24, 2017, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) or alternatively (b)(2), the Court preliminarily certified the following Settlement Class:

> All present or past participants of the Retirement Plan of Our Lady of the Lake Hospital and Affiliated Organizations, Pension Plan for Employees of Our Lady of Lourdes Regional Medical Center, Inc., and Retirement Plan for Employees of St. Francis Medical Center, Inc. (collectively, the "Plans") (both vested and non-vested) including those participants who accepted a lump sum or annuity benefit under the Lump Sum Window Benefit Program in 2016, and beneficiaries of the Plans as of the Effective Date of Settlement, including any beneficiaries designated or added by a Settlement Class member participant after the Effective Date of Settlement.

3. The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants; or (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. Pursuant to Federal Rule of Civil Procedure 23(a) the Court finds that Cynthia Francis and named Plaintiff Laurie Nicholson are members of the Settlement Class, their claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class in this Action. Accordingly, the Court hereby appoints Cynthia Francis and Laurie Nicholson as Class Representatives.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Izard, Kindall & Raabe LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel and Tarcza & Associates as Liaison Counsel to represent the members of the Settlement Class.

8. Class Counsel is hereby awarded attorneys' fees, pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $1,000,000.00 which the Court finds to be fair and reasonable, and Class Counsel is hereby awarded $28,115.08 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

9. Class Counsel has moved for Case Contribution Awards for Class Representatives Laurie Nicholson and Cynthia Francis. The Court hereby grants in the

amount of $3,500.00 to Nicholson and $1,500.00 to Francis as Case Contribution Awards to the Settlement Class Representatives.

10. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (1) On or about November 21, 2017, Class Counsel posted the Settlement Agreement and Class Notice to the Settlement website: http://ikrlaw.com/file/nicholson-v-franciscan-missionaries-lady-health-system/; and (2) on or about November, 21, 2017, Defendants caused to be mailed 9,299 copies of the Notice of Class Action Settlement to members of the Settlement Class.

11. The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notices") advised members of the Settlement Class of the: terms of the Settlement, Fairness Hearing and the right to appear at such Fairness Hearing; inability to opt out of the Settlement Class; right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the Case Contribution Awards to the Class Representatives; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

12. The Class Notices met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"),

and that it constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

13. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a) The Settlement provides for significant funding of the Plans from the Operating Entities.

b) The Settlement provides for the payments of lump sums pursuant to Section 8.1.2 of the Settlement Agreement to be paid from the Plans to resolve disputed claims for benefits for those participants who received a benefit under the Lump Sum Window Benefit Program.

c) The Settlement further provides for significant Plan protections for accrued benefits.

   d)  The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted for over three months in good faith and with the assistance of a mediator. The Settlement is not the result of collusion.

   e)  Those negotiations followed Defendants' filing of a motion to dismiss which included voluminous documents, all of which Class Counsel reviewed. The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

   f)  Those proceedings gave Class Counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses. Class Counsel were cognizant that there was no guarantee of success.

   g)  Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiff's claims and allegations against it, and raised various factual and legal arguments in support of its vigorous defense in this Action.

 14. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in Section 4 of the Settlement Agreement.

 15. None of the Settlement Agreement, this Judgment, nor the fact of the Settlement itself constitutes any admission by any of the Parties of any liability, wrongdoing or violating of law, damages or lack thereof, or of the validity or invalidity of

any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16.  The Court hereby dismisses with prejudice the action and all Released Claims identified in Section 4 of the Settlement Agreement against each and all Releasees and without costs to any of the Parties as against the others. The Court hereby orders that on the Effective Date of this Settlement Agreement the Class Representatives, Cynthia Francis and Laurie Nicholson, as well as the members of the Settlement Class release any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the Church Plan status of the Plans, whether or not such claims are accrued, whether already acquired or subsequently acquired, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise.  Released Claims also shall include any claims under federal, state, parish, county, and/or municipal or any other law, related to the Lump Sum Window Benefit Program.  Notwithstanding the foregoing, Released Claims are not intended to include the release of any of the following:  (a) any rights or

duties arising out of the Settlement Agreement; (b) claims for individual benefits that are not based on the allegations in the case; (c) if the Roman Catholic Church ever disassociates itself from the Plans' sponsors, unless the Plan sponsors promptly associate with another church, any claim arising prospectively under ERISA; and (d) any claim arising under ERISA with respect to any event occurring after: (i) the IRS determines that any of the Plans do not qualify for the church plan exemption; (ii) a court of law issues a final ruling that any of the Plans do not qualify as church plans; or (iii) ERISA is amended to eliminate the church plan exemption.

17. In connection with the Released Claims, as of the Effective Date of the Settlement Agreement, each member of the Settlement Class is deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code relinquishes, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor and any and all provisions, rights and benefits of any similar statute, law or principle or common law of the United States, any state thereof, or any other jurisdiction."

18. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

19. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

Signed in Baton Rouge, Louisiana on February 6, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**